## CHESEBROUGH v. CONOVER.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. CONTRACTS—VALIDITY—QUESTION FOR JURY.
    Plaintiff sued upon a contract for services in assisting defendant in obtaining from the legislature a railroad franchise, by writing letters, seeing certain parties, going to Albany, and using arguments in behalf of the proposed legislation. *Held,* that whether the contract contemplated illegal solicitation of members of the legislature was a question for the jury.
2. TRIAL—EXAMINATION OF WITNESSES.
    Where plaintiff has drawn out of defendant, on cross-examination, that he spoke of plaintiff's claim as a blackmailing scheme, plaintiff may show by competent evidence that this did not correctly represent defendant's attitude when plaintiff's claim was urged upon him.
3. SAME—TESTIMONY ON FORMER TRIAL.
    Where a party, testifying in his own behalf, is asked on cross-examination as to parts of his testimony upon a former trial, he may, on redirect examination, recite the whole of his testimony on such trial.
4. CONTRACT FOR SERVICES—TIME OF PAYMENT.
    Where the right of payment for services does not depend upon demand, compensation therefor is due as soon as the services are performed.

Appeal from circuit court, New York county.

Action by Julius F. Chesebrough against Daniel D. Conover. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

For decision on appeal from order denying a motion to set aside the verdict, see 21 N. Y. Supp. 568. For former reports, see 13 N. Y. Supp. 374; 18 N. Y. Supp. 934.

The contract sued on is thus stated in the complaint: "On or about the 7th day of March, 1879, the defendant agreed with plaintiff that if plaintiff would assist defendant in obtaining right, privilege, franchise, and authority for building such proposed extension and road through 42d street, and draw for him certain papers, acts, and resolutions to be presented to parties, to the legislature, and to the common council, and write certain letters, and see certain parties, and go to Albany and use arguments, he would give plaintiff, as soon as said extension of said railroad through 42d street was in operation, ten thousand dollars of the bonds of said last-named company, and ten thousand dollars of the capital stock thereof for the said service to be rendered as aforesaid and the services already rendered him. The plaintiff accepted this proposition of defendant, and plaintiff and defendant then and there agreed to it."

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

Thomas E. Stewart, (A. G. Fox, of counsel,) for appellant.
Calvin D. Van Name, (L. Sanders, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover for personal services rendered under an alleged contract between the plaintiff and the defendant. The services of the plaintiff were to assist the defendant to obtain the right, privilege, franchise, and authority for building the extension of a railroad through Forty-Second street; to draw papers, acts, and resolutions to be presented to parties, to the legislature, common council, etc. The answer denies the making of the contract in suit, and denies any knowledge sufficient to form a belief as to the rendition of any services by the plaintiff after the alleged making of the contract; and denies positively that they were rendered at the

defendant's request.   The plaintiff having given evidence tending to
prove the alleged contract, and the services rendered thereunder, and
the defendant having given evidence to the contrary, the questions
raised were duly submitted to the jury to find a verdict in favor of the
plaintiff; and from the judgment entered upon such verdict, and from
an order denying a motion for a new trial, this appeal is taken.

The first proposition of the appellant upon the present appeal is that
the plaintiff cannot maintain this action, upon the ground that the con-
tract upon which it is founded was void as against public policy, the
services contemplated by the contract consisting of personal solicita-
tions, addressed to members of the legislature, for the purpose of in-
ducing them to further the passage of bills which he claims to have
prepared, and in part of efforts to secure the withdrawal or amendment
of a bill which was deemed prejudicial to the defendant's interests.
While we think the proof was capable of a construction which might
lead to the conclusion that the contract was of this character, we cannot
say that it would not bear another interpretation.   If it could be rea-
sonably construed as contemplating no action upon the part of the plain-
tiff except such as was honest and proper, it was for the jury to say what
inference ought to be drawn; and we do not think that the defendant
was entitled to anything more than to have the question fairly sub-
mitted to the jury.   It was thus submitted by the propositions which
the court charged at the request of the defendant's counsel, which were
to the effect that even if the jury find as a fact that there was a contract
between the plaintiff and defendant, but that it was a part of such con-
tract that the plaintiff, if requested, would go to Albany and see some
member of the railway committee when one of the bills testified to was
before such committee, and talk to him privately, to further said bill,
so as to have the bill reported and passed along, or so that the bill
could be passed, and that the plaintiff did talk with one or more mem-
bers of such committee privately for such purpose, then the defendant
is entitled to a verdict.   The court also charged, at the request of the
defendant, that even if the jury find as a fact that there was a contract
between the plaintiff and defendant, but that it was a part of such con-
tract that the plaintiff should, if requested, have personal and private
interviews with members of the legislature, having in view, as one of
their objects, the furthering of any bill pending in the legislature, or a
committee thereof, so that the same could be reported by such com-
mittee and passed, then the jury need consider no other question, but
must render a verdict for the defendant.   These instructions were suffi-
ciently broad and accurate, and certainly were as favorable to the de-
fendant as could possibly be claimed; and, the jury having refused to
find that the contract was of such a nature, their verdict, we think,
must be deemed conclusive upon that question.

It is further urged that the court erred in allowing the plaintiff to im-
peach the defendant by contradicting as to what he claims to be collat-
eral matter brought out on cross-examination.   The plaintiff had a
right to show by the defendant as to how he treated the plaintiff's claim
in conversations in respect to it; and, he having testified that he char-

acterized this claim in conversations in respect to it as a blackmailing claim, it was proper for the plaintiff to show by competent evidence that this did not correctly represent the attitude which the defendant assumed when this claim was spoken of and its settlement urged.

It is also claimed that the court, erred in allowing the plaintiff to prove his own declarations upon the former trial; but it will be seen when the record is examined that no error was committed in this respect. The defendant's counsel had cross-examined him as to his testimony upon the former trial, asking whether he did not testify thus and so, which presented only a part of the testimony which he gave, and would produce an erroneous impression as to what the nature of the whole of his testimony was, had it been allowed to stand alone; and thereupon the plaintiff's counsel asked him whether he did not testify to other facts which very materially qualified those to which his attention had been called by the defendant's counsel. It seems to be a familiar principle that a part of a declaration of the plaintiff cannot be offered in evidence by a defendant, and the plaintiff be precluded from giving the remainder.

It is also claimed that there was error in instructing the jury to assess the damages as of October, 1886. We see no error in this. The right of payment did not depend upon demand, as seems to be inferred by the defendant's counsel. It depended upon the performance of the contract, and, when that was done, the obligation upon the part of the defendant to pay was complete. Then the cause of action arose, and then the plaintiff was entitled to the stock and bonds, and to recover their value as of that time. There are some other exceptions which have been adverted to upon the part of the appellant, but they do not seem to need special mention.

The judgment and order should be affirmed, with costs.